IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**    : | |
| : | CRIMINAL ACTION |
| v.   : | |
| : | NO. 05-00428-RBC |
| **SHIRRON ADAMS**    : | |

**MOTION FOR A COMPETENCY EXAMINATION
PURSUANT TO 18 U.S.C. §4241**

The United States hereby moves the Court, pursuant to the provisions of 18 U.S.C. §§4241(b) and 4247(b), to enter the attached order, committing the defendant to the custody of the Attorney General for a period not to exceed thirty (30) days for placement at a suitable facility, designated by the Bureau of Prisons at which an examination pursuant to 18 U.S.C. §4247(b) by one or more licensed or certified psychiatrists or clinical psychologists may be conducted.

As grounds therefor, there is reasonable cause to believe that the above-named defendant may be presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequence of the proceedings against her or to assist properly in her defense, within the meaning of 18 U.S.C. §4241(a).

In support of this motion, the government relies on the content of the defendant's civil law suit, attached as Exhibit A, which reflects delusional thinking.  In addition, the defendant is believed to have a significant history of mental illness, requirng

multiple hospitalizations.  Furthermore, at her initial appearance, the defendant indicated that she wanted to represent herself, which makes a competency evaluation more critical for the Court to permit her to make that decision.

A court has the duty to order a competency hearing if there is "reasonable cause" to doubt the defendant's competence to stand trial." United States v. Bruck, 152 F.3d 40, 46 (1st Cir. 1998). The First Circuit has defined the threshold level to order an evaluation as "sufficient doubt" to question "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." Johnson v. Norton, 249 F.3d 20, 26 (1st Cir. 2001), quoting Drope v. Missouri, 420 U.S. 162, 172 (1975).

The government submits that that threshold level exists in this case.  It also submits the evaluation should be conducted in a secure setting as provided by the Bureau of Prisons.

For the foregoing reasons, the Court should enter the attached order.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                   By:  /s/ S. Theodore Merritt
                        S. THEODORE MERRITT
                        Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL ACTION** |
| v. | : | |
| | : | **NO. 05-00428-RBC** |
| **SHIRRON ADAMS** | : | |

**ORDER**

**Collings, M.J.**

    This Court finds that there is reasonable cause to believe that the above-named defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that she is unable to understand the nature and consequence of the proceedings against her or to assist properly in her defense, within the meaning of 18 U.S.C. §4241(a), and hereby orders as follows:

    (1) Pursuant to the provisions of 18 U.S.C. §§4241(b) and 4247(b), the above-named defendant is hereby ordered, a committed to the custody of the Attorney General for a period not to exceed thirty (30) days for placement at a suitable facility, designated by the Bureau of Prisons at which an examination pursuant to 18 U.S.C. §4247(b) by one or more licensed or certified psychiatrists or clinical psychologists may be conducted.

    (2) Pursuant to 18 U.S.C. §§4241(b) and 4247(c), it is further ordered that one or more of the licensed psychiatrists or clinical psychologists who examine the defendant prepare a written

report and file said report with the Court and mail copies to Assistant U.S. Attorney S. Theodore Merritt, Moakley Courthouse, 1 Courthouse Way, Boston, Ma  02210, and Robert Murray, Esq., Boston, MA  02109.  It is further ordered that the report contain the information specified in 18 U.S.C. §4247(c)(1)-(3) and 4(A).

   (3)  Pursuant to 18 U.S.C. §3161(h)(1)(A), an order of excludable delay for purposes of computing the time within which any indictment or information in this case be filed and any trial commence is hereby entered, excluding from such computation all time starting today, upon the filing of the  motion for a competency examination, and concluding on the date of the hearing which will be conducted before this Court under 18 U.S.C. §4247(d) for the purpose of determining the competency of the defendant, or on such subsequent date that this Court rules on the competency of the defendant.

_____
ROBERT B. COLLINGS
United States Magistrate Judge