IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 05-00428-RBC |
| **SHIRRON ADAMS** : | |

**STATUS REPORT AND MEMORANDUM OF THE GOVERNMENT
IN RESPONSE TO COURT'S ORDER OF MAY 18, 2005**

**I.   CASE CHRONOLOGY**

On Match 18, 2005, a complaint was issued charging the defendant with threatening to kill a United states District Judge, in violation of 18 U.S.C. §115. On March 21, 2005, the defendant had her initial appearance. The government made an oral motion for detention under 18 U.S.C. §§3142(f)(1)(A) and (2)(A). The defendant was temporarily detained pending a detention hearing scheduled for March 24, 2005. On March 23, 2005, the government filed a motion for a competency examination pursuant to 18 U.S.C. §4241. On March 30, 2005, the Court granted the government's motion and ordered that the defendant be committed to the custody of the Bureau of Prisons for the purposes of conducting both an examination for competency and any mental disease or defect which may give rise to a defense of insanity. See 18 U.S.C. §§4241, 4242, 4247(b)(c).[1]

---

[1] Although the Court's Order required the dual examination to be completed within 30 days, §4247(b) provides 45 days for an examination ordered under §4242.

Because of delays in transporting the defendant, the government moved on April 27, 2005 for an extension of an additional 45 days for the completion of the examinations. The defendant did not oppose this motion, and the Court granted it on May 12, 2005.

**II.   STATUS REPORT ON DEFENDANT'S TRANSPORTATION AND ARRIVAL**

On information gathered and reported by Deputy U.S. Marshal Jeffrey Bond, the government is able to furnish the Court with the following chronology:

March 30:   Marshal receives order of commitment. Sends standard medical clearance form to MCI-Framingham for airlift of defendant

April 4:    Defendant designated by BOP to be examined at SEATAC Federal Detention Center in Washington state

April 8:    Marshal calls Framingham and told that form misplaced. Form resent.

April 27:   Form completed and returned to Marshal.

April 29:   Marshal drives defendant to Brooklyn detention center to expedite being placed on airlift

May 4:      Defendant arrives in transit airlift facility in Oklahoma City

May 19:     Defendant arrives at SEATAC facility

Deputy U.S. Marshal Bond reports that with the exception of the extra time caused by the replacement of the misplaced medical form, the transportation of the defendant was consistent with the standard approximate timing for the circumstances.

**III. LEGAL AUTHORITY AND REMEDIES**

The Court has posed the question whether there is any legal authority to extend the period in which the defendant is committed for examination beyond the statutory limits specified in §4247, *i.e.*, 30 days with a 15 day extension for an examination pursuant to §4241 and 45 days with a 30 day extension for an examination pursuant to §4242. If not, the Court asks what remedy is the defendant entitled to.

The threshold issue is when do these time limits become effective -- from the date of the order or from the date the defendant arrives at the institution designated for the examination. The government has found no authority directly on point. However, in United States v. Noone, 913 F.2d 20 (1st Cir. 1990), in *dicta*, the court seemed to acknowledge that the time limits refer to an "examination period," and not the time computed from the date of the order. In Noone, the defendant was ordered on July 29, 1988 to undergo a competency and criminal responsibility examination. Noone arrived at Butner on September 8, 1988. Id. 23-24. A 30-day extension was granted, the exam was conducted, and he was eventually returned to Massachusetts on January 6, 1989. On appeal, the court was faced with a number of asserted Speedy Trial Act ("STA") violations, but for purposes relevant to the instant question, the court ruled that the entire time Noone was at Butner was excludable under 18 U.S.C. §3161(h)(1)(A)(delay relating from

any proceeding to determine the mental competency of the defendant).  In so doing, the court stated as follows: "When the initial 45-day examination period expired on October 24.....". Id. 26.  The import of this statement is that the 45 days commenced from the defendant's arrival at Butner on September 12, not from the date of the order, July 29th.[2]

The conclusion that the statutory limits were intended for the examination period is further supported elsewhere in the Noone opinion.  For example, the court found that the speedy trial exclusion found in 18 U.S.C. §3161(h)(1)(H) for transportation to and from places of examination, which is presumptively limited to 10 days from the date of the order, was not consumed by the exclusion for time under §3161(h)(1)(A).  Id. at 26, n.5. This construction reinforces the premise that the 30 or 45 day examination period of §4247(b) should not run until transportation to the institution capable of performing the examination is complete.  Under this reading of the statute, the time within which to examine the defendant in this case began to run on May 19, 2005.

As for the court's legal authority to extend the statutory limits of §4247(b), regardless of when the clock begins to run, the government has found no specific case on point.  However, the case

---

[2] Of course, the defendant in Noone, unlike this defendant, had already been detained before the magistrate's §4241 order was made.  Yet the First Circuit's construction of the 45 day limit in §4147 did not seem to turn on the source of the defendant's commitment.

4

law is uniformly in agreement that an inability by the government to complete the examination within the specified time, by itself, affords the defendant no remedy.  *See e.g.*, <u>United States v. Fuller</u>, 86 F.3d 106, 106 (7th Cir. 1996)(no sanction for a violation of 30 or 45 day limit of §4247 and rejecting argument that such limitation should be applied to Speedy Trial Act's exclusion of time for pretrial commitment to determine competency); <u>United States v. Taylor</u>, 353 F.3d 868, 870 (10th Cir. 2003)(STA provides no remedy for a violation of time limits of §4247); <u>United States v. Murphy</u>, 241 F.3d 447, 456 (6th Cir. 2001)(rejecting contention that a mental competency examination may only last 45 days pursuant to §4247(b)); <u>United States v. Daychild</u>, 357 F.3d 1082, 1094 (9th Cir. 2004)(45-day limit for examination under §4247 does not constrain the excludable time for speedy trial purposes); <u>United States v. Vazquez</u>, 918 F.2d 329, 333 (2nd Cir. 1990)(same); <u>United States v. Neal</u>, 27 F.3d 1035, 1042 (5th Cir. 1994)(same).[3]

---

[3] The First Circuit has spoken less directly and clearly on whether the time limits embodied in §4247 are applied to the speedy trial clock.  In <u>United States v. Huguenin</u>, 950 F.3d 23, 27-28 (1st Cir. 1991), a defendant was committed for competency evaluation for a total of 77 days.  The court noted that the prolonged detention violated the time limits prescribed in the statute, but afforded the defendant no relief, finding there was no speedy trial violation because, in part, 30 days were properly excludable as the time permitted by §4247.  <u>Id</u>.  Moreover, the defendant was not able to show how the fairness of his trial was in any way impacted by the delay.  <u>Id</u>.

Without any evidence of the kind of analysis undertaken by all the other circuits which have held that §4247 does not impose an extra limitation on the speedy trial clock, the First Circuit

These cases recognize that for a defendant whose court-ordered mental examination extends beyond the statutory limits of §4247(b) dismissal of the complaint or indictment, either based on a purported speedy trial violation or otherwise, is not available. By the same token, they acknowledge that habeas corpus-- "the traditional remedy for illegal detention in a mental institution" -- remains available.  Fuller, 86 F.3d at 106.

A case with similar facts to the instant one is instructive. In United States v. Hancock, 962 F.Supp 1291 (D. Hawaii, 1997), while a motion to detain the defendant was pending, the court granted a motion for competency exam on October 16, 1995 and ordered the defendant committed to Springfield for "a period of not more than thirty days."  Id. at 1292.  The defendant did not arrive at Springfield, however, until December 5, 1996, having waited in local jails, airlifted to Oklahoma City and then on to Springfield. The defendant moved to dismiss the charges because the government failed to abide by the 30-day limitation set out in the magistrate's commitment order.  The district court denied the motion, finding first that the STA was not violated because the time requirement of §4247 did not apply to speedy trial determinations.  Id. 1293.  The court also denied the motion to dismiss for failure to abide by the statutory limits of §4247

---

does not appear to be in deliberate conflict with the weight of authority.

because that section did not "by itself contain a remedy." Id. While the court "did not condone the government's failure to abide by the magistrate's order," it held that "dismissing the indictment would be an unwarranted boon to the Defendant." Id. at 1294, n.4.

While it is regrettable that the transport of the defendant in this case was prolonged, no purpose would be served by truncating the examination and evaluation process which has now commenced. The issues of the defendant's competency and criminal responsibility are of paramount importance to all parties in this litigation, to the defendant's family, to the victims, and to the public as well. Imposing a rigid interpretation of the statutory limits in §4147(b) would only serve to return the defendant to this District to immediately undergo a detention hearing and the probable re-institution of the competency evaluation procedure. The speedy trial clock would not recommence anyway until the court determines the detention question.[4] In the government's view, this

---

[4]Courts have uniformly held that motions for pre-trial detention are treated as pre-trial motions for purposes of the provisions of the Speedy Trial Act. See e.g., United States v. Wright, 990 F.2d 147, 149 (4th Cir. 1993); United States v. Lattany, 982 F.2d 806 (3d Cir. 1993); United States v. Bellucci, 737 F.Supp. 706, 710 (D. Mass. 1990), Tauro, J. As such, the time from which the government made the oral motion for detention through the Court's determination of the motion after a hearing should be excluded. See United States v. Rodriquez, 63 F.3d 1159, 1163 (1st Cir. 1995) (when a hearing is held on a pretrial motion, the entire period from the date of the motion filing through the conclusion of the hearing and up to thirty days thereafter during which the motion is under advisement is excludible).

course of action does not seem advisable for anyone involved.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                               By:   /s/ Theodore Merritt
                                        S. THEODORE MERRITT
                                        Assistant U.S. Attorney

Dated: May 25, 2005