The Honorable Robert B Collings
U.S. Magistrate Judge
1 Courthouse Way
Boston, Ma. 02210

ROBERT B. COLLINGS
U.S. MAGISTRATE JUDGE
SEP 27 2005
UNITED STATES DISTRICT COURT
BOSTON, MASSACHUSETTS

CASE No - 2005M1428RBC
REG. No. 25562-038

9/26/5

Dear Mr Judge Robert Collings

I am writing you in regards of me being released at your and the Superintendents convience of MCI Framingham.

I have called Mrs. Hyatt from Seattle Seatac for the proper information on the Federal Bureau of Prisons

I was in fact supposed to have been released on 7/15/05.

I am owed $100.00 a day for being held of my 30 day stay at MCI Framingham.

The total amount is $7,300.00 as of today and I am still being held.

I am also owed $50.00 for Transportation fees along with a cab voucher to the bus terminal or train terminal.

Please discharge me A.S.A.P.

I did not choose to be evaluated again my evaluation

[illegible] Wyatt.

Please release me immediately with the [illegible] of money that is owed along with my release papers.

I have also written the Superintendent of MCI Framingham to release me.

I am also sending legal documentation

Sincerely Yours.

[signature]

Mr. Shirron Adams
305 Belmont St.
Worcester, Ma 01604
Ward 1 A



# Fax Cover Sheet

**U.S. Department of Justice**

Federal Bureau of Prisons
*Federal Detention Center*

SeaTac, Washington 98198

Patricia A. Hyatt, Ph.D.
Forensic Unit Psychologist
2425 S. 200th Street
SeaTac, Washington 98198
Phone (206) 870-1016
Fax (206) 870-1097

To: Shirron Adams; Adalberto; Amy Pinkham

From: Patricia A. Hyatt, Ph.D.

Subject: 18 USC 4241, 4242, and 4247 (30 and 45 day evaluations)

Comments: ____________________

Page 1 Of 5

idicial district in which
ucted, or in which such

iffense committed sub-
istitute probable cause
; section. In cases in
such an offense and is
on, a parole revocation
to section 4213 may be
uch detainer shall be
ie hundred and eighty
m of placement. The
nding review, have an
ation containing infor-
e detainer, and, unless
in subsection (a)(2)(B)
: preparation of such

hat additional informa-
a dispositional hearing
he parolee is confined.
hearing, be allowed to
f, and, unless waived,
ection (a)(2)(B) of this

, the Commission may:

is summoned or retak-
knowingly and intelli-
nder subsection (a) of
elligently admits viola-
ursuant to subsection
retaken pursuant to
receive a revocation
ate of retaking. The
g at the institution to
alleged parole violator
allowed to appear and
se waived, shall have
provided in subsection

d or retaken pursuant
finds pursuant to the
preponderance of the
ed a condition of his
f the following actions:
ion;

; of the parole;
itial community treat-
nainder of his original

lease as if on parole

action provided it has
t the parolee has been
il crime subsequent to
ss thereof, or whether
ency or seriousness of
dition or conditions of



(e) The Commission shall furnish the parolee with a written notice of its determination not later than twenty-one days, excluding holidays, after the date of the revocation hearing. If parole is revoked, a digest shall be prepared by the Commission setting forth in writing the factors considered and reasons for such action, a copy of which shall be given to the parolee.

(f) Notwithstanding any other provision of this section, a parolee who is found by the Commission to be in possession of a controlled substance shall have his parole revoked.

(Added Pub.L. 94-233, § 2, Mar. 15, 1976, 90 Stat. 228, and amended Pub.L. 98-473, Title II, §§ 235(a)(1), 238(f), (i), Oct. 12, 1984, 98 Stat. 2031, 2039; Pub.L. 98-596, § 12(a)(6), (9), (b), Oct. 30, 1984, 98 Stat. 3139, 3140; Pub.L. 99-646, § 58(f), Nov. 10, 1986, 100 Stat. 3612; Pub.L. 100-690, Title VII, § 7303(c)(3), Nov. 18, 1988, 102 Stat. 4464.)

**Codifications**

Pub.L. 98-473, §§ 235(a)(1), 238(f), (i), and Pub.L. 98-596, § 12(a)(6), (9), (b), amended section as follows: Section 238(f) of Pub.L. 98-473 amended par. (1) effective pursuant to section 235(a)(1) of Pub.L. 98-473 the first day of the first calendar month beginning twenty-four months after Oct. 12, 1984. Section 12(a)(6) of Pub. L. 98-596 amended par. (1) to read as it had before amendment by Pub.L. 98-473, applicable pursuant to section 12(b) of Pub.L. 98-596 on and after the date of enactment of Pub.L. 98-473 [Oct. 12, 1984]. Section 238(i) of Pub.L. 98-473, which repealed section 238 of Pub.L. 98-473 on the same date established by section 235(a)(1) of Pub.L. 98-473, was repealed by section 12(a)(9) of Pub.L. 98-596. The cumulative effect of the amendments resulted in no change in the text of this section.

**Effective and Applicability Provisions**

1988 Acts. Amendment by section 7303(c)(3) of Pub.L. 100-690 applicable with respect to persons whose probation, supervised release, or parole begins after Dec. 31, 1988, see section 7303(d) of Pub.L. 100-690, set out as a note under section 3563 of this title.

**§ 4215. Appeal**

(a) Whenever parole release is denied under section 4206, parole conditions are imposed or modified under section 4209, parole discharge is denied under section 4211(c), or parole is modified or revoked under section 4214, the individual to whom any such decision applies may appeal such decision by submitting a written application to the National Appeal [Appeals] Board not later than thirty days following the date on which the decision is rendered.

(b) The National Appeals Board, upo ceipt of the ap-
pellant's papers, must act pursuant to r and regulations
within sixty days to reaffirm, modify, or rse the decision
and shall inform the appellant in writing he decision and
the reasons therefor.

(c) The National Appeals Board may w any decision
of a regional commissioner upon the wr request of the
Attorney General filed not later than t days following
the decision and, by majority vote, shall firm, modify, or
reverse the decision within sixty days c receipt of the
Attorney General's request. The Boa hall inform the
Attorney General and the individual to m the decision
applies in writing of its decision and tl asons therefor.

(Added Pub.L. 94-233, § 2, Mar. 15, 197 Stat. 230, and
amended Pub.L. 98-473, Title II, § 1408 ct. 12, 1984, 98
Stat. 2178.)

**[§ 4216. Repealed. Pub.L. 99-646, § Nov. 10, 1986, 100 Stat. 3592]**

Section, Pub.L. 94-233, § 2, Mar. 15, , 90 Stat. 239,
authorized imposition of sentence on yo adult offenders
pursuant to the Federal Youth Correctior t.

**[§ 4217. Repealed. Pub.L. 99-646, § )(1), Nov. 10, 1986, 100 Stat. 3612, as amended Pub.L. 690, Title VII, § 7014, Nov. 18, 1988, 102 Stat. 4935]**

Section, added Pub.L. 94-233, § 2, Ma 1976, 90 Stat.
231, authorized execution of warrants to ke Canal Zone
parole violators.

**§ 4218. Applicability of Administrativ cedure Act**

(a) For purposes of the provisions of er 5 of title 5,
United States Code, other than sections 555, 556, and
557, the Commission is an "agency" a fined in such
chapter.

(b) For purposes of subsection (a) of ection, section
553(b)(3)(A) of title 5, United States Coc lating to rule-
making, shall be deemed not to include t irase "general
statements of policy".

(c) To the extent that actions of the Cc ssion pursuant
to section 4203(a)(1) are not in accord wit e provisions of
section 553 of title 5, United States C they shall be
reviewable in accordance with the provisi of sections 701
through 706 of title 5, United States Code.

(d) Actions of the Commission pursuan aragraphs (1)
(2), and (3) of section 4203(b) shall be idered actions
committed to agency discretion for pu es of section
701(a)(2) of title 5, United States Code.

(Added Pub.L. 94-233, § 2, Mar. 15, 1976, at. 231.)

## CHAPTER 313—OFFENDERS WITH MENTAL DISEASE OR DEF

Sec.
4241. Determination of mental competency to stand trial.
4242. Determination of the existence of insanity at the time of the offense.
4243. Hospitalization of a person found not guilty only by reason of insanity.
4244. Hospitalization of a convicted person suffering from mental disease or defect.
4245. Hospitalization of an imprisoned person suffering from mental disease or defect.
4246. Hospitalization of a person due for release but suffering from mental disease or defect.

Sec.
4247. General provisions for chapter.
[4248. Omitted.]

### § 4241. Determination of men competency to stand trial

**(a) Motion to determine compet of defendant.**—At any time after the comn ement of a
prosecution for an offense and prior t sentencing
of the defendant, the defendant or the rney for the

Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(b) **Psychiatric or psychological examination and report.**—Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and (c).

(c) **Hearing.**—The hearing shall be conducted pursuant to the provisions of section 4247(d).

(d) **Determination and disposition.**—If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—

(1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; and

(2) for an additional reasonable period of time until—

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or

(B) the pending charges against him are disposed of according to law;

whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246.

(e) **Discharge.**—When the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the defendant's counsel and to the attorney for the Government. The court shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine the competency of the defendant. If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial. Upon discharge, the defendant is subject to the provisions of chapter 207.

(f) **Admissibility of finding of competency.**—A finding by the court that the defendant is mentally competent to stand trial shall not prejudice the defendant in raising the issue of his insanity as a defense to the offense charged, and shall not be admissible as evidence in a trial for the offense charged.

(June 25, 1948, c. 645, 62 Stat. 855; Oct. 12, 1984, Pub.L. 98–473, Title II, § 403(a), 98 Stat. 2057.)

#### HISTORICAL AND STATUTORY NOTES

Short Title

**1984 Acts.** Section 401 of Pub.L. 98–473 provided that: "This chapter [amending this chapter, section 3006A of this title, rule 12.2 of the Federal Rules of Criminal Procedure and rule 704 of the Federal Rules of Evidence] may be sited [sic] as the 'Insanity Defense Reform Act of 1984'."

### § 4242. Determination of the existence of insanity at the time of the offense

(a) **Motion for pretrial psychiatric or psychological examination.**—Upon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

(b) **Special verdict.**—If the issue of insanity is raised by notice as provided in Rule 12.2 of the Federal Rules of Criminal Procedure on motion of the defendant or of the attorney for the Government, or on the court's own motion, the jury shall be instructed to find, or, in the event of a nonjury trial, the court shall find the defendant—

(1) guilty;

(2) not guilty; or

(3) not guilty only by reason of insanity.

(June 25, 1948, c. 645, 62 Stat. 855; Oct. 12, 1984, Pub.L. 98–473, Title II, § 403(a), 98 Stat. 2059.)

Ch. 313

§ 4243. H

(a) Determi of acquitted p only by reason charged, he sh until such time subsection (e).

(b) Psychia and report.— ant to subsec psychiatric or dant be condu logical report provisions of s

(c) Hearin ant to the pro place not late verdict.

(d) Burden subsection (c) only by reas bodily injury another perso injury or dam and convinci create a subs person or ser to a present m any other off proof by a pr

(e) Determ hearing, the fied in subse release woul injury to ano y of anothe defect, the co ly of the A shall release the State in f such State care, and t make all rea assume such efforts, neith bility, the A ion for treat

(1) such or

(2) the release, c scribed re logical ca stantial ri serious da

Title 18, and enacting provisions set out as notes under section 4201 of this title and section 6103 of Title 26] shall take effect on the later of October 1, 1997, or the day the District of Columbia Financial Responsibility and Management Assistance Authority certifies that the financial plan and budget for the District government for fiscal year 1998 meet the requirements of section 201(c)(1) of the District of Columbia Financial Responsibility and Management Assistance Act of 1995 [not classified to the Code], as amended by this title."

## § 4247. General provisions for chapter

(a) **Definitions.**—As used in this chapter—

(1) "rehabilitation program" includes—

(A) basic educational training that will assist the individual in understanding the society to which he will return and that will assist him in understanding the magnitude of his offense and its impact on society;

(B) vocational training that will assist the individual in contributing to, and in participating in, the society to which he will return;

(C) drug, alcohol, and other treatment programs that will assist the individual in overcoming his psychological or physical dependence; and

(D) organized physical sports and recreation programs;

(2) "suitable facility" means a facility that is suitable to provide care or treatment given the nature of the offense and the characteristics of the defendant; and

(3) "State" includes the District of Columbia.

(b) **Psychiatric or psychological examination.**—A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court, except that if the examination is ordered under section 4245 or 4246, upon the request of the defendant an additional examiner may be selected by the defendant. For the purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, and under section 4242, 4243, or 4246, for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court. The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241, 4244, or 4245, and not to exceed thirty days under section 4242, 4243, or 4246, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

(c) **Psychiatric or psychological reports.**—A psychiatric or psychological report ordered pursuant to this chapter shall be prepared by the examiner designated to conduct the psychiatric or psychological examination, shall be filed with the court with copies provided to the counsel for the person examined and to the attorney for the Government, and shall include—

(1) the person's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings; and

(4) the examiner's opinions as to diagnosis, prognosis, and—

(A) if the examination is ordered under section 4241, whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

(B) if the examination is ordered under section 4242, whether the person was insane at the time of the offense charged;

(C) if the examination is ordered under section 4243 or 4246, whether the person is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another;

(D) if the examination is ordered under section 4244 or 4245, whether the person is suffering from a mental disease or defect as a result of which he is in need of custody for care or treatment in a suitable facility; or

(E) if the examination is ordered as a part of a presentence investigation, any recommendation the examiner may have as to how the mental condition of the defendant should affect the sentence.

(d) **Hearing.**—At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

(e) **Periodic report and information requirements.**—(1) The director of the facility in which a person is hospitalized pursuant to—

rts.—A psy- pursuant to miner desig- hological ex- with copies xamined and und shall in-

symptoms;

sychological, d and their

gnosis, prog-

under section ring from a him mentally is unable to ences of the t properly in

under section at the time

under section is suffering a result of bstantial risk or serious

under section is suffering a result of are or treat-

s a part of a mmendation the mental fect the sen-

pursuant to dition is the d by counsel in adequate ted for him shall be af- ent evidence, l to confront at the hear-

on require- in which a

(A) section 4241 shall prepare semiannual reports; or

(B) section 4243, 4244, 4245, or 4246 shall prepare annual reports concerning the mental condition of the person and containing recommendations concerning the need for his continued hospitalization. The reports shall be submitted to the court that ordered the person's commitment to the facility and copies of the reports shall be submitted to such other persons as the court may direct. A copy of each such report concerning a person hospitalized after the beginning of a prosecution of that person for violation of section 871, 879, or 1751 of this title shall be submitted to the Director of the United States Secret Service. Except with the prior approval of the court, the Secret Service shall not use or disclose the information in these copies for any purpose other than carrying out protective duties under section 3056(a) of this title.

(2) The director of the facility in which a person is hospitalized pursuant to section 4241, 4243, 4244, 4245, or 4246 shall inform such person of any rehabilitation programs that are available for persons hospitalized in that facility.

**(f) Videotape record.**—Upon written request of defense counsel, the court may order a videotape record made of the defendant's testimony or interview upon which the periodic report is based pursuant to subsection (e). Such videotape record shall be submitted to the court along with the periodic report.

**(g) Habeas corpus unimpaired.**—Nothing contained in section 4243 or 4246 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention.

**(h) Discharge.**—Regardless of whether the director of the facility in which a person is hospitalized has filed a certificate pursuant to the provisions of subsection (e) of section 4241, 4244, 4245, or 4246, or subsection (f) of section 4243, counsel for the person or his legal guardian may, at any time during such person's hospitalization, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be hospitalized. A copy of the motion shall be sent to the director of the facility in which the person is hospitalized and to the attorney for the Government.

**(i) Authority and responsibility of the Attorney General.**—The Attorney General—

(A) may contract with a State, a political subdivision, a locality, or a private agency for the confinement, hospitalization, care, or treatment of, provision of services to, a person committed custody pursuant to this chapter;

(B) may apply for the civil commitment, ant to State law, of a person committed custody pursuant to section 4243 or 4246;

(C) shall, before placing a person in a f pursuant to the provisions of section 4241, 4244, 4245, or 4246, consider the suitability facility's rehabilitation programs in meeting needs of the person; and

(D) shall consult with the Secretary of the partment of Health and Human Services in general implementation of the provisions of chapter and in the establishment of standard facilities used in the implementation of this cha

(j) Sections 4241, 4242, 4243, and 4244 do not to a prosecution under an Act of Congress appli exclusively to the District of Columbia or the Uni Code of Military Justice.

(Added Sept. 7, 1949, c. 535, § 1, 63 Stat. 687, and ame Oct. 12, 1984, Pub.L. 98-473, Title II, § 403(a), 98 Stat. Nov. 18, 1988, Pub.L. 100-690, Title VII, §§ 7044, 70 102 Stat. 4400, 4401; Sept. 13, 1994, Pub.L. 103-322, XXXIII, § 330008(d), 108 Stat. 2141; Aug. 5, 1997, P 105-33, Title XI, § 11204(2), (3), 111 Stat. 739.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

1997 Acts. Amendment of subsecs. (a) and (j) by P 105-33 effective on the later of October 1, 1997, or the the District of Columbia Financial Responsibility and agement Assistance Authority certifies that the financial and budget for the District government for fiscal year meet certain requirements, see section 11721 of P 105-33, set out as a note under § 4246 of this title.

**Transfer of Functions**

For transfer of the functions, personnel, assets, and gations of the United States Secret Service, including functions of the Secretary of the Treasury relating the to the Secretary of Homeland Security, and for treatmen related references, see 6 U.S.C.A. §§ 381, 551(d), 552(d) 557, and the Department of Homeland Security Reorga tion Plan of November 25, 2002, as modified, set out as a under 6 U.S.C.A. § 542.

## [§ 4248. Omitted.]

### HISTORICAL AND STATUTORY NOTES

**Codifications**

Section, added Sept. 7, 1949, c. 535, § 1, 63 Stat. 686, wi related to the termination of custody by release or trans was omitted in the general amendment of this chapter Pub.L. 98-473, Title II, c. IV, § 403(a), Oct. 12, 1984, 98 S 2057.